CAUSE NO. 2020CI22159

| | | |
|---|---|---|
| SANTA ZUNIGA, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| | § | |
| v. | § | 225TH JUDICIAL DISTRICT |
| | § | |
| TRI-NATIONAL, INC. AND HARRY | § | |
| VEITCH, | § | |
| *Defendants.* | § | BEXAR COUNTY, TEXAS |

## <u>DEFENDANTS' NOTICE TO ADVERSE PARTY OF<br>REMOVAL TO FEDERAL COURT</u>

To:     Santa Zuniga
         By and Through His Attorneys of Record
         Israel Garcia
         LAW OFFICES OF ISRAEL GARCIA
         Chulie Professional Building
         926 Chulie Drive
         San Antonio, Texas 78216
         ig@israelgarcialaw.com

PLEASE TAKE NOTICE that a Notice of Removal of this action was filed in the United States

District Court for the Western District of Texas, San Antonio Division, on the 11th day of

December 2020. A copy of said Notice of Removal is attached to this Notice and is served and filed

herewith.

Respectfully submitted,

**RAY | PEÑA | McCHRISTIAN, P.C.**
McAllister Plaza
9601 McAllister Freeway, Suite 901
San Antonio, Texas 78216
(210) 341-3554 Telephone
(210) 341-3557 Facsimile
jpena@raylaw.com
rordones@raylaw.com

*/s/ Joseph G. Peña*
**JOSEPH G. PEÑA**
State Bar No. 24052898
**RANDALL L. ORDONES**
State Bar No. 24096489
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I certify that on this 11th day of December, 2020, a true and correct copy of the foregoing document filed electronically with the clerk of the Court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

*Attorneys for Plaintiff:*
Israel Garcia
LAW OFFICES OF ISRAEL GARCIA
Chulie Professional Building
926 Chulie Drive
San Antonio, Texas 78216
(210) 529-9999 (Office)
(210) 225-2300 (Fax)
Email: ig@israelgarcialaw.com
***Via Eservice &/or Email***

*/s/ Joseph G. Peña*
Joseph G. Peña

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Santa Zuniga

## DEFENDANTS

Tri-National, Inc. and Harry Veitch

**(b)** County of Residence of First Listed Plaintiff    <u>Bexar County, Texas</u>
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    <u>St. Louis County, MO</u>
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Israel Garcia, Law Offices of Israel Garcia, 926 Chulie Drive, San Antonio, Texas 78216, 210-529-9999

Attorneys *(If Known)*

Joseph G. Pena, Ray|Pena|McChristian, P.C., 9601 McAllister Freeway, Suite 901, San Antonio, Texas 78216

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government
     Plaintiff

☐ 2   U.S. Government
     Defendant

☐ 3   Federal Question
     *(U.S. Government Not a Party)*

☒ 4   Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product |    Product Liability | |    28 USC 157 |    3729(a)) |
| ☐ 140 Negotiable Instrument |    Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & |    Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|    & Enforcement of Judgment |    Slander |    Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' |    Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |    Liability | ☐ 368 Asbestos Personal | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|    Student Loans | ☐ 340 Marine |    Injury Product | |    New Drug Application | ☐ 470 Racketeer Influenced and |
|    (Excludes Veterans) | ☐ 345 Marine Product |    Liability | | ☐ 840 Trademark |    Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |    Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets | ☐ 480 Consumer Credit |
|    of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards |    Act of 2016 |    (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | ☐ 371 Truth in Lending |    Act | | ☐ 485 Telephone Consumer |
| ☐ 190 Other Contract |    Product Liability | ☐ 380 Other Personal | ☐ 720 Labor/Management | **SOCIAL SECURITY** |    Protection Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal |    Property Damage |    Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |    Injury | ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| | ☐ 362 Personal Injury - |    Product Liability | ☐ 751 Family and Medical | ☐ 863 DIWC/DIWW (405(g)) |    Exchange |
| |    Medical Malpractice | |    Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement | | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee |    Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate | | ☐ 870 Taxes (U.S. Plaintiff |    Act |
| ☐ 240 Torts to Land | ☐ 443 Housing/ |    Sentence | |    or Defendant) | ☐ 896 Arbitration |
| ☐ 245 Tort Product Liability |    Accommodations | ☐ 530 General | | ☐ 871 IRS—Third Party | ☐ 899 Administrative Procedure |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 535 Death Penalty | **IMMIGRATION** |    26 USC 7609 |    Act/Review or Appeal of |
| |    Employment | **Other:** | ☐ 462 Naturalization Application | |    Agency Decision |
| | ☐ 446 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | ☐ 950 Constitutionality of |
| |    Other | ☐ 550 Civil Rights |    Actions | |    State Statutes |
| | ☐ 448 Education | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - | | | |
| | |    Conditions of | | | |
| | |    Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1   Original
     Proceeding

☒ 2   Removed from
     State Court

☐ 3   Remanded from
     Appellate Court

☐ 4   Reinstated or
     Reopened

☐ 5   Transferred from
     Another District
     *(specify)*

☐ 6   Multidistrict
     Litigation -
     Transfer

☐ 8   Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §§ 1332, 1441 and 1446

Brief description of cause:
Plaintiff alleges negligence, negligence per se, and gross negligence agaisnt Defendants as a result of MVA

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION**
   UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE   *Joseph G. Peña*

DOCKET NUMBER

DATE

12/11/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)**    **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)**    **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.

United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.  (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.**    **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.**    **Origin.**  Place an "X" in one of the seven boxes.

Original Proceedings.  (1) Cases which originate in the United States district courts.

Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.

Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.

Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.

Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.

Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.

**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**    **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.**    **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.

Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
San Antonio ▾ DIVISION

Supplement to JS 44 Civil Cover Sheet
Cases Removed from State District Court

This form must be filed with the Clerk's Office no later than the **first business day** following the filing of the Notice of Removal. Additional sheets may be used as necessary.

The attorney of record for the removing party **MUST** sign this form.

**STATE COURT INFORMATION**:

1.      Please identify the court from which the case is being removed; the case number; and the complete style of the case.

Santa Zuniga v. Tri-National, Inc. and Harry Veitch; in the 225th Judicial District Court in Bexar County, Texas, Cause No. 2020CI22159.

2.      Was jury demand made in State Court?          ☒ Yes          ☐ No

If yes, by which party and on what date?

Plaintiff Santa Zuniga                                    11/13/2020
Party Name                                                Date

**STATE COURT INFORMATION**:

1.      List all plaintiffs, defendants, and intervenors still remaining in the case. Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

Plaintiff Santa Zuniga; Defendant Tri-National, Inc.; Defendant Harry Veitch.
Israel Garcia -Attorney for Plaintiff, Law Offices of Isael Garcia, 926 Chulie Drive, San Antonio Texas, 78216, 210-529-9999, 210-225-2300 (fax).
Joseph G. Pena - Attorney for Defendants, Ray, Pena, McChristian P.C., 9601 McAllister Freeway, Suite 901, San Antonio, Texas 78216, 210-341-3554, 210-341-3557 (fax).

2. List all parties that have not been served at the time of the removal, and the reason(s) for non-service.

N/A

3.      List all parties that have been non-suited, dismissed, or terminated, and the reason(s) for their removal from the case.

 N/A

**COUNTERCLAIMS, CROSS-CLAIMS, and/or THIRD-PARTY CLAIMS**:

1.      List separately each counterclaim, cross-claim, or third-party claim still remaining in the case and designate the nature of each such claim.  For each counterclaim, cross-claim, or third-party claim, include all plaintiffs, defendants, and intervenors still remaining in the case.  Also, please list the attorney(s) of record for each party named and include the attorney's firm name, correct mailing address, telephone number, and fax number (including area codes).

 N/A

**VERIFICATION**:

 Joesph G. Pena                                              12/11/2020
Attorney for Removing Party                        Date

Defendants

Party/Parties

(NOTE:  Additional comment space is available on page 3)

**ADDITIONAL COMMENTS (As necessary)**:

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| November 17, 2020 at 2:37:34 PM CST | 210 225 2300 | 419 | 17 | Received |

11/17/2020  14:21Chulie1                                    (FAX)210 225 2300        P.003/017

FILED
11/13/2020 3:27 PM
Mary Angle Garcia
Bexar County District Clerk
Accepted By: Martha Medellin

# 2020CI22159

## CAUSE NO. _____

| | |
|---|---|
| **SANTA ZUNIGA,**<br>   **Plaintiff,** | **IN THE DISTRICT COURT** |
| **VS.** | |
| **TRI-NATIONAL, INC. AND HARRY VEITCH**<br>**Defendants.** | **225th JUDICIAL DISTRICT**<br><br>**OF BEXAR COUNTY, TEXAS** |

### PLAINTIFF'S ORIGINAL PETITION AND PLAINTIFF'S REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

Now COMES Plaintiff Santa Zuniga (the "Plaintiff") complaining of and about Defendant Harry Veitch ("Veitch") and Defendant Tri-National, Inc. ("Tri-National" and, together with Veitch, the "Defendants") and for cause of action shows unto the Court the following:

### I. CLAIMS FOR RELIEF AND DISCOVERY CONTROL PLAN

1.     Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to Rule 47, Plaintiff seeks monetary damages over $1,000,000.00 and a demand for judgment for all other relief to which the Plaintiff is entitled at the time of filing this lawsuit, which, with the passage of time, may change. Plaintiff intends that discovery be conducted under Discovery Level 3.

### II. PARTIES

2.     Plaintiff Santa Zuniga is an individual who resides in San Antonio, Bexar County, Texas. Pursuant to Section 30.014 of the Texas Civil Practice & Remedies Code, Plaintiff provides the following information: (a) the last three (3) numbers of Plaintiff's driver's license number are: 697; and (a) the last three (3) numbers of Plaintiff's social security number are: 143.

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| November 17, 2020 at 2:37:34 PM CST | 210 225 2300 | 419 | 17 | Received |

11/17/2020  14:21Chulie1                                      (FAX)210 225 2300          P.004/017

3.      Defendant Harry Veitch is a resident of Hot Spring County, Arkansas, and is, therefore, a non-resident of Texas. Defendant Veitch may be served with service of process by serving the Chairman of the Texas Transportation Commission, J. Bruce Bugg, Jr., or his designee, at 125 E. 11th Street, Austin, Texas 78701 pursuant to Section 17.062(a) and Section 17.063 of the TEXAS CIVIL PRACTICE & REMEDIES CODE as this suit arises out of a motor vehicle collision in which Defendants' vehicle was involved while Veitch, a person authorized by Tri-National, was operating a motor vehicle in this state and, specifically, Bexar County, Texas. Upon the service of citation upon the Chairman of the Texas Transportation Commission, the Commission may serve Notice to Defendant Veitch by sending the citation and copy of this petition to Defendant Veitch's place of residence located at 2955 Military Road, Malvern, Arkansas 72104 (or wherever he may be found) by registered mail and/or certified mail, return receipt requested. **Service of TWO COPIES OF THE CITATION AND PETITION is requested upon the Chairman of the Texas Transportation Commission by "Private Process" as authorized by the Court and as more specifically set forth herein.**

4.      Defendant Tri-National, Inc. is a foreign corporation organized under the laws of the state of Delaware, is registered with the Secretary of State of Texas, is authorized to do business in the state of Texas, conducts business on the public highways and streets of Texas and at, among other places, 9700 New Laredo Highway, San Antonio, Bexar County, Texas 78211. Tri-National, Inc. may be served with process by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701. Service of said defendant as described above can be effected by service in person, by certified mail return receipted requested, or by any other method authorized by the TEXAS RULES OF CIVIL PROCEDURE. **Service is requested upon this Defendant by "Private Process" as authorized by the Court.**

\*\* INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY \*\*

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| November 17, 2020 at 2:37:34 PM CST | 210 225 2300 | 419 | 17 | Received |

11/17/2020   14:21Chulie1                                    (FAX)210 225 2300          P.005/017

## III. JURISDICTION AND VENUE

5.      The subject matter in controversy is in excess of the minimum jurisdictional limits of this Court.

6.      This Court has jurisdiction over Defendants because (a) Defendants purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants and (b) the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process. Plaintiff would show that Defendants had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendants. In addition, this lawsuit arises out of a motor vehicle collision in which Defendants' vehicle was involved while Veitch, a person authorized by Tri-National, was operating a motor vehicle on the public highways and streets of Texas and, specifically, in Bexar County, Texas.

7.      Venue in Bexar County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county as more specifically set forth in the allegations below, which are incorporated herein by reference.

\*\* INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY \*\*

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
| November 17, 2020 at 2:37:34 PM CST | 210 225 2300 | 419 | 17 | Received |

11/17/2020  14:22 Chulie1                                          (FAX)210 225 2300        P.006/017

## IV. FACTS

8.    At all relevant times, Defendant Tri-National, Inc. was and is engaged in business as an interstate motor carrier transporting goods for compensation and does business in Texas.

9.    Defendant Veitch was the driver of a tractor-trailer involved in the subject collision that occurred in Bexar County, Texas.

10.   The following events took place on November 23, 2018 on Interstate Highway 35 South ("IH-35") in Live Oak, Bexar County, Texas:

a.    In the area leading up to where the subject collision took place, there are five southbound lanes.

b.    In the area leading up to where the subject collision took place, there is an Exit ramp, Exit 172, for South Loop 1604 / Anderson Loop ("South Loop 1604") and West Loop 1604 / Anderson Loop ("West Loop 1604").

c.    At this location, the five southbound lanes become divided as follows: (i) three southbound lanes on IH-35, (ii) a concrete divider, and (iii) two southbound Exit lanes.

d.    In the area where the subject collision took place, the two southbound Exit lanes are broken down as follows as vehicles approach the gore: (1) Lane 1 is the furthest left lane, and, immediately before reaching the gore, it allows traffic to continue southbound toward South Loop 1604 or traffic can veer off/turn right toward West Loop 1604; and (2) Lane 2 is to the right of Lane 1 and, immediately before reaching the gore, it allows traffic only to veer off/turn right toward West Loop 1604.

11.   Veitch was operating a tractor-trailer southbound in Lane 1. As Veitch approached the Gore, Veitch veered off/turned right toward West Loop 1604.

12.   Veitch was not keeping a proper lookout at the time he approached the area where the subject collision took place.

13.   At the same time, Santa Zuniga was driving a motor vehicle southbound in Lane 1.

14.   After Veitch veered off/turned right toward West Loop 1604, Santa Zuniga continued driving straight/southbound toward South Loop 1604.

15.   Santa Zuniga was operating her vehicle in a reasonable and prudent manner.

16.   Santa Zuniga was not doing anything unsafe or improper.

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| November 17, 2020 at 2:37:34 PM CST | 210 225 2300 | 419 | 17 | Received |

11/17/2020   14:22 Chulie1                                    (FAX)210 225 2300            P.007/017

17.     Suddenly and without warning, Veitch veered to the left, crossed the gore, entered Lane 1, and slammed into the passenger side of Santa Zuniga's vehicle.

18.     As a result of the collision, Plaintiff was caused to sustain serious bodily injuries and property damage.

19.     There was nothing that Santa Zuniga could have or should have done to avoid or minimize the collision.

20.     The vehicle being operated by Veitch at the time of the subject collision was a commercial vehicle as defined under Texas law.

21.     The vehicle being operated by Veitch at the time of the subject collision was a commercial vehicle as defined under the Federal Motor Carrier Safety Regulations.

22.     Veitch was not operating the commercial vehicle in a reasonable and prudent manner. Veitch failed to use ordinary care in the operation of the commercial vehicle.

23.     Veitch, while operating a motor vehicle on a roadway divided into two clearly marked lanes for traffic, moved from his lane when it was unsafe to do so in violation of Section 545.060 of the Texas Transportation Code.

24.     Veitch is solely responsible for causing the subject collision.

25.     Santa Zuniga did not cause or contribute to the subject collision.

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| November 17, 2020 at 2:37:34 PM CST | 210 225 2300 | 419 | 17 | Received |

11/17/2020    14:23 Chulie1                                        (FAX)210 225 2300          P.008/017

## V. Negligence Against Defendant Harry Veitch

26.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in all previous and subsequent paragraphs as if each were fully set forth herein in their entirety.

27.    At all times material hereto, Veitch was a professional driver.

28.    At all times material hereto, Veitch was driving a commercial motor vehicle in interstate commerce.

29.    At all times material to this action, Veitch had a legal duty to adhere to all Texas traffic laws.

30.    At all times material to this action, Veitch had a legal duty to adhere to Texas trucking safety regulations.

31.    At all times material to this action, Veitch had a legal duty to adhere to the Federal Motor Carrier Safety Regulations.

32.    At all times material to this action, Veitch had a legal duty to adhere to commercial vehicle industry standards.

33.    At all times material to this action, Veitch had a duty to operate his commercial vehicle in a safe and prudent manner.

34.    At all times material to this action, Veitch had a duty to act in accordance with his training as a commercial motor vehicle driver and so as not to endanger the lives and welfare of Plaintiff and the motoring public. This duty included keeping a proper lookout, paying attention, keeping a safe distance from other vehicles, and operating his commercial vehicle at a reasonable and prudent speed in accordance with the conditions of the roadway and all traffic laws and regulations.

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED<br>November 17, 2020 at 2:37:34 PM CST | REMOTE CSID<br>210 225 2300 | DURATION<br>419 | PAGES<br>17 | STATUS<br>Received |
|---|---|---|---|---|

11/17/2020   14:23 Chulie1                                              (FAX)210 225 2300         P.009/017

35.   Veitch had a duty to exercise ordinary care and operate Defendants' vehicle reasonably and
prudently. The negligent, careless, and/or reckless disregard of the duty of Veitch in the operation of
the commercial vehicle specifically includes, but is not limited to, the following acts and omissions:

a.   Failed to use ordinary care, that is, failing to do that which a person (and/or commercial/professional driver) of ordinary prudence would have done under the same or similar circumstances or doing that which a person (and/or commercial/professional driver) of ordinary prudence would not have done under the same or similar circumstances.

b.   Failed to keep a proper lookout as a person (and/or commercial/professional driver) of ordinary prudence, exercising ordinary care would have kept under the same or similar circumstances.

c.   Failed to control the speed of the vehicle with safety, as a reasonable and prudent person (and/or commercial/professional driver) would have done under the same or similar circumstances and in violation of Section 545.351 of the Texas Transportation Code, which constitutes negligence and negligence per se.

d.   Failed to drive as nearly as practical entirely within a single lane while operating a motor vehicle on a roadway divided into two clearly marked lanes for traffic.

e.   Defendant, while operating a motor vehicle on a roadway divided into two clearly marked lanes for traffic, moved from his lane when it was unsafe to do so.

f.   Failed to drive into a single lane, as a reasonable and prudent person would have done under the same or similar circumstances and in violation of Section 545.060 of the Texas Transportation Code, which constitutes negligence and negligence per se.

g.   Defendant, while operating a motor vehicle on a roadway divided into two clearly marked lanes for traffic moved from his lane when it was unsafe to do so, which a reasonable and prudent person (and/or commercial/professional driver) would not have done under the same or similar circumstances, and in violation of Section 545.060 of the Texas Transportation Code, which constitutes negligence and negligence per se

h.   Failed to proper maintain attention while driving, as a reasonable and prudent person (and/or commercial/professional driver) would have done.

i.   Failed to maintain an assured clear distance between him and Plaintiff so that, considering the traffic conditions, Defendant could safely stop without colliding with any other vehicle, object or person near the road, including Plaintiff and in violation of Section 545.062(a) of the Texas Transportation Code, which constitutes negligence and negligence per se.

j.   Failed to yield the right-of-way.

k.   Attempted to change lanes unsafely.

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| November 17, 2020 at 2:37:34 PM CST | 210 225 2300 | 419 | 17 | Received |

11/17/2020   14:23 Chulie1                                      (FAX)210 225 2300          P.010/017

l.      Violated terms and provisions of THE TEXAS TRANSPORTATION CODE and the TEXAS DRIVER'S HANDBOOK.

m.      Failed to keep his eyes on the road;

n.      Failed to give 100% of his attention to the task of driving;

o.      Failed to drive at a safe and reasonable speed under the conditions;

p.      Failed to use proper visual search methods;

q.      Failed to use proper signals;

r.      Caused a collision to occur between the commercial vehicle he was operating and the vehicle being operated by Plaintiff;

s.      Failed to drive defensively;

t.      Failed to operate the commercial vehicle in a safe and prudent manner, thereby placing the lives and well-being of the public in general, and Plaintiff in particular, in grave danger;

u.      Failed to adhere to safe driving principles expected of commercial drivers;

v.      Failed to operate the commercial vehicle in accordance with generally accepted safety principles for commercial drivers and/or the commercial motor vehicle industry;

w.      Failed to operate the commercial vehicle in a safe and prudent manner in view of the conditions that existed at the time of the subject collision;

x.      Failed to use ordinary care and/or act reasonably and prudently as a commercial/professional driver should under the circumstances; and

y.      Any other acts or omissions of negligence subsequently discovered and/or to be shown at the time of trial.

36.     Veitch breached his duties and was negligent and/or negligent *per se* in at least one or more of the respects described above. Plaintiff would further show that the above and foregoing acts were separate and/or distinct acts of negligence and that they are a direct and proximate cause of the incident in question and the Plaintiff's resulting injuries as will be more accurately described herein below.

37.     Each of these acts and omissions, singularly, or in combination with such other acts and omissions, constituted negligence, which proximately caused the damages and injuries suffered by the Plaintiff and which are made the basis of this lawsuit.

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| November 17, 2020 at 2:37:34 PM CST | 210 225 2300 | 419 | 17 | Received |

11/17/2020   14:24 Chulie1                                    (FAX)210 225 2300          P.011/017

38.     Veitch is liable to Plaintiff for all economic and non-economic damages allowed by law for the injuries, damages, and losses sustained by Plaintiff as a direct and proximate result of Defendant Veitch's negligence.

### VI. Negligence/Respondeat Superior Against Defendant Tri-National, Inc.

39.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in all previous and subsequent paragraphs as if each were fully set forth herein in their entirety.

40.     At all times material hereto, Veitch was an employee of Tri-National.

41.     At all times material hereto, Veitch was acting within the course and scope of his employment with Tri-National.

42.     At all times material hereto, Veitch was an agent of Tri-National.

43.     At all times material hereto, Veitch was acting within the course and scope of his agency with Tri-National.

44.     At all times material hereto, Veitch was operating a commercial vehicle exclusively controlled by Tri-National.

45.     At all times material hereto, Veitch was operating a commercial vehicle under the motor carrier authority of Tri-National.

46.     At all times material hereto, Veitch was operating a commercial vehicle in furtherance of the business and financial interests of Tri-National.

47.     Tri-National is liable for the negligent actions and omissions of Veitch pursuant to the doctrine of *respondeat superior*, the rules of agency, the Federal Motor Carrier Safety Regulations, and/or other Texas law.

48.     As a direct and proximate result of Veitch's negligence for which Tri-National is liable, Plaintiff suffered severe personal injuries.

49.     As a direct and proximate result of Veitch's negligence for which Tri-National is liable, Plaintiff incurred pain and suffering and medical and other expenses.

50.    Tri-National is liable to Plaintiff for all economic and non-economic damages allowed by law for the injuries, damages and losses sustained by Plaintiff as a direct and proximate result of Veitch's negligence.

### VII. NEGLIGENCE AGAINST DEFENDANT TRI-NATIONAL, INC.

51.    Plaintiff re-alleges and incorporates herein by reference the allegations contained in all previous and subsequent paragraphs as if each were fully set forth herein in their entirety.

52.    At all relevant times, Tri-National was a motor carrier as defined by the Federal Motor Carrier Safety Regulations.

53.    At all relevant times, Tri-National was a motor carrier as defined by Texas law.

54.    At all relevant times, Tri-National had a legal duty to comply with the Federal Motor Carrier Safety Regulations.

55.    At all relevant times, Tri-National had a legal duty to comply with Texas' trucking safety regulations.

56.    At all relevant times, Tri-National had a legal duty to comply with all commercial vehicle industry standards and practices.

57.    As an employer and motor carrier, Tri-National had a duty to act in a reasonable manner in connection with the hiring, qualifying, training, entrusting, supervising and retaining of Veitch.

58.    Tri-National breached the aforementioned duties and was negligent in connection with hiring, qualifying, training, entrusting, supervising and retaining Veitch.

59.    As a direct and proximate result of Tri-National's negligence, Plaintiff suffered severe personal injuries.

60.    As a direct and proximate result of Tri-National's negligence, Plaintiff incurred pain and suffering and medical and other expenses.

61.    Tri-National is liable for all damages allowed by law for the injuries, damages, and losses sustained by Plaintiff in this case.

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
| November 17, 2020 at 2:37:34 PM CST | 210 225 2300 | 419 | 17 | Received |

## VIII. GROSS NEGLIGENCE/EXEMPLARY DAMAGES

62.     Plaintiff re-alleges and incorporates herein by reference the allegations contained in all previous and subsequent paragraphs as if each were fully set forth herein in their entirety.

63.     Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence. Rather, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff. Defendant had actual, subjective awareness of the risk involved but, nevertheless, proceeded in conscious indifference to the rights, safety, or welfare of Plaintiff or others similarly situated.

64.     The acts and/or omissions by Defendants outlined in this Petition constitute gross negligence as that term is defined in §41.001(11) TEXAS CIVIL PRACTICE & REMEDIES CODE. Defendant's acts and/or omissions which when viewed objectively from the standpoint of the actor at the time of its occurrence involves an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

65.     Each of these acts and/or omissions, whether taken singularly or in any combination, constitute gross negligence, which proximately caused the collision, injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life.

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| November 17, 2020 at 2:37:34 PM CST | 210 225 2300 | 419 | 17 | Received |

11/17/2020    14:25 Chulie1                                    (FAX)210 225 2300          P.014/017

## IX. DAMAGES

66.    As a proximate cause of the Defendants' negligent conduct and the resulting collision, Plaintiff

seeks to recover damages, which specifically include, but are not limited to, the following:

   a.    Medical, hospital, pharmaceutical expenses in the past;

   b.    Medical, hospital, pharmaceutical expenses that in all reasonable probability will be incurred in the future, including the cost of medical monitoring and prevention in the future;

   c.    Physical pain and suffering in the past;

   d.    Physical pain and suffering that will in all reasonable probability be incurred in the future;

   e.    Physical impairment, including loss of enjoyment of life, in the past;

   f.    Physical impairment, including loss of enjoyment of life, which in all reasonable probability, will be suffered in the future;

   g.    Disfigurement in the past;

   h.    Disfigurement that in all reasonable probability will be incurred in the future;

   i.    Mental anguish in the past;

   j.    Mental anguish that in all reasonable probability will be incurred in the future;

   k.    Loss of earning capacity in the past (and/or lost income/wages);

   l.    Loss of earning capacity that in all probability will be incurred in the future; and

   m.    Property Damages, including the cost of repair and loss of use.

67.    The above enumerated damages were proximately caused by the negligence of the Defendants

and/or their servants, agents and/or employees acting within the course and scope of their employment

and/or agency. Plaintiff, therefore, pleads for an amount of actual damages which the jury deems

reasonable, which is within the jurisdictional limits of this court.

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED<br>November 17, 2020 at 2:37:34 PM CST | REMOTE CSID<br>210 225 2300 | DURATION<br>419 | PAGES<br>17 | STATUS<br>Received |
|---|---|---|---|---|

11/17/2020   14:25 Chulie1                                    (FAX)210 225 2300           P.015/017

## X. MISNOMER OR MISIDENTIFICATION

68.     In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. In the event that the true parties are misidentified, Plaintiff hereby asserts reliance upon the doctrine of misidentification.

## XI. PRE-JUDGMENT & POST JUDGMENT INTEREST

69.     Plaintiff further alleges that she is entitled to recover pre-judgment and post-judgment interest at the maximum legal rate as provided for by law.

70.     By reason of all of the above and foregoing elements, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of this Court and for which Plaintiff hereby sues said Defendants.

## XII.     CONDITIONS PRECEDENT

71.     All conditions precedent have been performed or have occurred.

## XIII.     REQUESTS FOR DISCLOSURE

72.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests that Defendant Harry Veitch disclose on or before the first business day following the expiration of fifty (50) days from Defendant's receipt of service of this Petition, the information and material described in Tex. R. Civ. P. 194.2 (a) – (l).

73.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiff hereby requests that Defendant Tri-National, Inc. disclose on or before the first business day following the expiration of fifty (50) days from Defendant's receipt of service of this Petition, the information and material described in Tex. R. Civ. P. 194.2 (a) – (l).

** INBOUND NOTIFICATION : FAX RECEIVED SUCCESSFULLY **

| TIME RECEIVED | REMOTE CSID | DURATION | PAGES | STATUS |
|---|---|---|---|---|
| November 17, 2020 at 2:37:34 PM CST | 210 225 2300 | 419 | 17 | Received |

11/17/2020    14:26 Chulie1                                    (FAX)210 225 2300          P.016/017

## XIV. NOTICE OF INTENT TO USE DOCUMENTS

74.     Pursuant to Rule 193.7 of the TEXAS RULES OF PROCEDURE, Plaintiff serves this notice of intent to use all documents produced by Defendants or others in the above-referenced proceeding and that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XV. JURY DEMAND

75.     Plaintiff demands a trial by jury.

## XVI. PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays for the following:

A.     That Defendants be cited to appear herein;

B.     That after trial on the merits, the Honorable Court enters judgment against all the Defendants jointly and severally and in favor of Plaintiff for actual damages, consequential damages, incidental damages, compensatory damages, mental anguish damages, punitive damages, attorneys' fees, costs of court, and expenses of the lawsuit, pre-judgment interest, and post-judgment interest, as allowed by law or as plead herein; and

C.     For all such further and additional relief to which Plaintiff is justly entitled at law and in equity.

Respectfully submitted,

LAW OFFICES OF ISRAEL GARCIA
CHULIE PROFESSIONAL BUILDING
926 Chulie Drive
San Antonio, Texas 78216
210.529.9999 | 210-LAW-9999 [Office]
210.445.2898 [Mobile]
210.225.2300 [Fax]
E-mail: ig@israelgarcialaw.com
www.israelgarcialaw.com

By: /s/ Israel Garcia
Israel Garcia
Texas State Bar No. 24040950
COUNSEL FOR PLAINTIFF

PLAINTIFF HEREBY DEMANDS TRIAL BY JURY

FILED
11/30/2020 12:01 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Jessica Uriegas

PRIVATE PROCESS

Case Number: 2020-CI-22159



2020CI22159 S00002

**SANTA ZUNIGA**

**VS.**

**HARRY VEITCH ET AL**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

# CITATION

"THE STATE OF TEXAS"

Directed To:   TRI NATIONAL INC

BY SERVING ITS REGISTERED AGENT, CORR SERVICE CO DBA CSC-LAWYERS INCORP SERVICE CO

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE was filed on the 13th day of November, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 20TH DAY OF NOVEMBER A.D., 2020.

ISRAEL GARCIA
ATTORNEY FOR PLAINTIFF
926 CHULIE DR
SAN ANTONIO, TX 78216-6522



Mary Angie Garcia
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Laura Castillo*, Deputy

---

| SANTA ZUNIGA<br>VS<br>HARRY VEITCH ET AL | **Officer's Return** | Case Number: 2020-CI-22159<br>Court: 225th Judicial District Court |
|---|---|---|

I received this CITATION on _____ at _____o'clock ___M. and ( ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or ( ) not executed because _____.

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

RETURN TO COURT (DK002)

# AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Texas** | **County of Bexar** | **225th Judicial District Court** |

Case Number: 2020CI22159   Court Date: 11/23/2020


BBW2020010755

Plaintiff:
**SANTA ZUNIGA**

vs.

Defendant:
**TRI-NATIONAL, INC. AND HARRY VEITCH**

For:
Israel Garcia
Law Offices of Israel Garcia
926 Chulie Drive
San Antonio, TX 78216

Received by Pronto Process (San Antonio) on the 23rd day of November, 2020 at 12:00 pm to be served on **TRI NATIONAL INC BY SERVING ITS REGISTERED AGENT, CORR SERVICE CO DBA CSC LAWYERS INCORP SERVICE CO, 211 E. 7TH STREET, STE 620, AUSTIN, TX 78701**.

I, Mike Techow, being duly sworn, depose and say that on the **23rd day of November, 2020** at **3:15 pm, I:**

delivered to **REGISTERED AGENT** by delivering a true copy of the **CITATION /PLAINTIFF'S ORIGINAL PETITION AND PLAINTIFF'S REQUESTS FOR DISCLOSURE** with the date of service endorsed thereon by me, to: **Samantha Guerra, CORR SERVICE CO DBA CSC LAWYERS INCORP SERVICE CO as Authorized Agent** at the address of: **211 E. 7TH STREET, STE 620, AUSTIN, TX 78701** on behalf of **TRI NATIONAL INC**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, of sound mind, have no interest in the above action.  The facts stated in this affidavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the 23rd day of November, 2020 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

MARIE NICOLE HENRY
Notary Public, State of Texas
Comm. Expires 04-04-2023
Notary ID 131960938

**Mike Techow**
PSC-1215, Exp. 7/31/2022

**Pronto Process (San Antonio)**
P.O. Box 7819
San Antonio, TX 78207
(210) 226-7192

Our Job Serial Number: BBW-2020010755

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1t

PRIVATE PROCESS

Case Number: 2020-CI-22159

2020CI22159   S00001

**SANTA ZUNIGA**

**VS.**

**HARRY VEITCH ET AL**

(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
225th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To:   HARRY VEITCH
BY SERVING CHAIRMAN OF THE TEXAS TRANSPORTATION COMMISSION,
J BRUCE BUGG, JR

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this CITATION and ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE , a default judgment may be taken against you." Said ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  was filed on the 13th day of November, 2020.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 20TH DAY OF NOVEMBER A.D., 2020.

ISRAEL GARCIA
ATTORNEY FOR PLAINTIFF
926 CHULIE DR
SAN ANTONIO, TX 78216-6522



**Mary Angie Garcia**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas  78205

By: *Laura Castillo*, Deputy

---

SANTA ZUNIGA
VS
HARRY VEITCH ET AL

**Officer's Return**

Case Number: 2020-CI-22159
Court: 225th Judicial District Court

I received this CITATION on _____ at _____o'clock ___M. and:(  ) executed it by delivering a copy of the CITATION with attached ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE  the date of delivery endorsed on it to the defendant, _____, in person on the _____ at _____ o'clock ___M. at:_____ or   (   )  not executed because _____

Fees:_____ Badge/PPS #:_____ Date certification expires:_____

_____County, Texas

By:_____

OR: VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO THIS _____

_____
NOTARY PUBLIC, STATE OF TEXAS

OR: My name is _____, my date of birth is _____, and my address is _____, _____ County.

I declare under penalty of perjury that the foregoing is true and correct. Executed in _____ County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

SEE ATTACHED
SIGNED AFFIDAVIT

RETURN TO COURT (DK002)

# AFFIDAVIT OF SERVICE

**State of Texas**                    **County of Bexar**                    **225th Judicial District Court**

Case Number: 2020CI22159   Court Date: 11/23/2020

Plaintiff:
**SANTA ZUNIGA**

BBW2020010787

vs.

Defendant:
**TRI-NATIONAL, INC. AND HARRY VEITCH**

Received by Shawn Wells on the 25th day of November, 2020 at 8:27 am to be served on **HARRY VEITCH BY SERVING CHAIRMAN OF THE TEXAS TRANSPORTATION COMMISSION J BRUCE BUGG, JR, 125 E. 11TH STREET, AUSTIN, TX 78701**.

I, Shawn Wells, being duly sworn, depose and say that on the **30th day of November, 2020** at **7:19 am, I:**

Attempted to notify by Certified Mail with return receipt the following documents: CITATION /PLAINTIFF'S ORIGINAL PETITION AND PLAINTIFF'S REQUESTS FOR DISCLOSURE. Requested to HARRY VEITCH BY SERVING CHAIRMAN OF THE TEXAS TRANSPORTATION COMMISSION J BRUCE BUGG, JR, at 125 E. 11TH STREET, AUSTIN, TX 78701. Tracking number 70171450000055080368, and the documents were Served on 11/30/2020 at 7:19 am. Green card (if applicable) and tracking information attached.

I certify that I am over the age of 18, of sound mind, have no interest in the above action, and am a Certified Process Server, in good standing, in the jurisdiction in which this service was made.

The facts stated in this affidavit are within my personal knowledge and are true and correct.

Subscribed and Sworn to before me on the
day of _____ by the affiant
who is personally known to me.

_____
NOTARY PUBLIC

**Shawn Wells**
PSC 1537 EXP 10/31/2021

**Pronto Process**
**1406 W Salinas**
San Antonio, TX 78207
**(210) 226-7192**

Our Job Serial Number: BBW-2020010787

DEBRA RIOS   Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1x
Notary Public, State of Texas
Comm. Expires 06-18-2023
Notary ID 130264168

**November 29, 2020, 4:32 am**
Arrived at Hub
AUSTIN, TX 78710

**November 28, 2020**
In Transit to Next Facility

**November 26, 2020, 8:08 pm**
Departed USPS Regional Facility
AUSTIN TX DISTRIBUTION CENTER

**November 26, 2020, 7:28 pm**
Arrived at USPS Regional Facility
AUSTIN TX DISTRIBUTION CENTER

**November 25, 2020, 11:39 pm**
Arrived at USPS Regional Facility
SAN ANTONIO TX DISTRIBUTION CENTER

**November 25, 2020, 8:27 am**
USPS in possession of item
SAN ANTONIO, TX 78204

Feedback

**Product Information**  ⌄

**See Less** ⌃

# Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**



**U.S. Postal Service™**
# CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Austin TX 78701

| | | |
|---|---|---|
| Certified Mail Fee | $3.55 | 0204 |
| $ | $0.00 | 03 |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ $1.70 | |
| ☑ Return Receipt (electronic) | $ $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | Here |
| ☐ Adult Signature Required | $ $0.00 | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $2.20 | |
| $ | | 11/25/2020 |
| Total Postage and Fees | $7.45 | |
| $ | | |

Sent To
Texas Transportation Commission
Street and Apt. No., or PO Box No.
125 Elm Street
City, State, ZIP+4®
Austin TX 78701

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7017 1450 0000 5508 0368

CAUSE NO. 2020CI22159

| | | |
|---|---|---|
| **SANTA ZUNIGA,** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **VS.** | § | **225TH JUDICIAL DISTRICT** |
| | § | |
| **TRI-NATIONAL, INC. AND HARRY** | § | |
| **VEITCH,** | § | |
| *Defendants.* | § | **BEXAR COUNTY, TEXAS** |

**DEFENDANT TRI-NATIONAL, INC.'S**
**ORIGINAL ANSWER AND REQUESTS FOR DISCLOSURE**

To the Honorable Court:

Comes now Defendant, TRI-NATIONAL, INC., and files this its Original Answer and Requests for Disclosure to Plaintiff's Original Petition, and for such Answer respectfully shows this Court the following:

**GENERAL DENIAL**

1.      Defendant TRI-NATIONAL, INC., pursuant to Texas Rule of Civil Procedure 92, enters a general denial to the allegations as alleged and worded in Plaintiff's Original Petition and places the matters at issue.

**AFFIRMATIVE DEFENSES**

2.      Defendant TRI-NATIONAL, INC. hereby invokes the doctrine of comparative fault under applicable law and requests a determination of percentage of responsibility among the parties, settling persons, and/or responsible third parties.  Defendant TRI-NATIONAL, INC. pleads any and all provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code applicable to this action.

3.     If Defendant TRI-NATIONAL, INC. is found to be negligent as alleged in Plaintiff's Original Petition, which is specifically denied, then any alleged negligence would not be a proximate cause of Plaintiff's alleged damages.

4.     To the extent applicable, Plaintiff's alleged sustained damages were the result of independent, intervening, superseding or supervening factors, occurrences or conditions that were not caused by Defendant TRI-NATIONAL, INC., and for which it is not liable.

5.     Defendant TRI-NATIONAL, INC. also pleads and relies upon the legislative limitations on damages as set forth in any and all provisions of Chapter 41 of the Texas Civil Practice and Remedies Code, including, but not limited to § 41.0105.

6.     To the extent applicable, Plaintiff failed to mitigate her damages.

7.     Defendant TRI-NATIONAL, INC. further pleads that any award of prejudgment interest must be governed and limited by the provisions of Chapter 304, Subchapter B of the Texas Finance Code.

8.     Defendant TRI-NATIONAL, INC. denies that Plaintiff can recover any medical or health care expenses not paid or incurred by them and invokes Section 41.0105 of the Texas Civil Practice and Remedies Code. To the extent Plaintiff seeks recovery for medical or health care expenses incurred, such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiff. Defendant TRI-NATIONAL, INC. also requests the Court to instruct the jury as to whether any recovery for medical or health expenses sought by Plaintiff are limited to the amount actually paid or incurred on behalf of Plaintiff.

9.     Defendant TRI-NATIONAL, INC. further pleads that any recovery for loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value, if plead and

found must be limited to a net loss after reduction for income tax payments or unpaid tax liability

pursuant to any federal income tax law. TEX. CIV. PRAC. & REM. CODE ANN. § 18.091(a).

10.     Defendant TRI-NATIONAL, INC. reserves the right to assert such other defenses

as continuing investigation and discovery may reveal, and the right to amend or supplement this

Answer at any time.

## JURY DEMAND

11.     Defendant TRI-NATIONAL, INC. demands a trial by jury as to all issues triable

by jury as a matter of right.

## OBJECTION TO RULE 193.7 NOTICE

12.     Defendant TRI-NATIONAL, INC. objects to Plaintiff's Rule 193.7 Notice as it is

overly broad, premature, not limited in scope, and intends to rely upon unauthenticated hearsay

documents.  Defendant TRI-NATIONAL, INC. further objects to the authenticity of any and all

unidentified documents.

## REQUESTS FOR DISCLOSURE

13.     Pursuant to Texas Rule of Civil Procedure 194, Plaintiff is requested to disclose,

within 30 days of service of this request, the information or material described in Rule 194.2.

**WHEREFORE, PREMISES CONSIDERED**, Defendant TRI-NATIONAL, INC.

prays for judgment in its favor, that Defendant TRI-NATIONAL, INC. recover its costs, and for

such other and further relief to which it may show himself justly entitled.

Respectfully submitted,

**RAY | PEÑA | McCHRISTIAN, P.C.**
McAllister Plaza
9601 McAllister Freeway, Suite 901
San Antonio, Texas 78216
(210) 341-3554
(210) 341-3557 (Fax)
jpena@raylaw.com


_/S/ Joseph G. Peña_

**JOSEPH G. PEÑA**
State Bar No. 24052898
**RANDALL L. ORDONES**
State Bar No. 24096489
_Attorneys for Defendant Tri-National, Inc._

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, Joseph G. Peña, certify that on this 11th day of December, 2020, a true and correct copy of the foregoing document filed electronically with the clerk of the Court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

_Attorneys for Plaintiff:_
Israel Garcia
LAW OFFICES OF ISRAEL GARCIA
Chulie Professional Building
926 Chulie Drive
San Antonio, Texas 78216
(210) 529-9999 (Office)
(210) 225-2300 (Fax)
Email: ig@israelgarcialaw.com
_**Via Eservice &/or Email**_

_/S/ Joseph G. Peña_

Joseph G. Peña

724783 (8363.17)

| | | |
|---|---|---|
| SANTA ZUNIGA, | § | IN THE DISTRICT COURT |
|     *Plaintiff,* | § | |
| | § | |
| VS. | § | 225TH JUDICIAL DISTRICT |
| | § | |
| TRI-NATIONAL, INC. AND HARRY | § | |
| VEITCH, | § | |
|     *Defendants.* | § | BEXAR COUNTY, TEXAS |

## DEFENDANT HARRY VEITCHS'S
## ORIGINAL ANSWER AND REQUESTS FOR DISCLOSURE

To the Honorable Court:

Comes now Defendant, HARRY VEITCH., and files this his Original Answer and Requests for Disclosure to Plaintiff's Original Petition, and for such Answer respectfully shows this Court the following:

### GENERAL DENIAL

1.    Defendant HARRY VEITCH, pursuant to Texas Rule of Civil Procedure 92, enters a general denial to the allegations as alleged and worded in Plaintiff's Original Petition and places the matters at issue.

### AFFIRMATIVE DEFENSES

2.    Defendant HARRY VEITCH hereby invokes the doctrine of comparative fault under applicable law and requests a determination of percentage of responsibility among the parties, settling persons, and/or responsible third parties. Defendant HARRY VEITCH pleads any and all provisions of Chapters 32 and 33 of the Texas Civil Practice and Remedies Code applicable to this action.

3. If Defendant HARRY VEITCH is found to be negligent as alleged in Plaintiff's Original Petition, which is specifically denied, then any alleged negligence would not be a proximate cause of Plaintiff's alleged damages.

4. To the extent applicable, Plaintiff's alleged sustained damages were the result of independent, intervening, superseding or supervening factors, occurrences or conditions that were not caused by Defendant HARRY VEITCH, and for which it is not liable.

5. Defendant HARRY VEITCH also pleads and relies upon the legislative limitations on damages as set forth in any and all provisions of Chapter 41 of the Texas Civil Practice and Remedies Code, including, but not limited to § 41.0105.

6. To the extent applicable, Plaintiff failed to mitigate her damages.

7. Defendant HARRY VEITCH further pleads that any award of prejudgment interest must be governed and limited by the provisions of Chapter 304, Subchapter B of the Texas Finance Code.

8. Defendant HARRY VEITCH denies that Plaintiff can recover any medical or health care expenses not paid or incurred by them and invokes Section 41.0105 of the Texas Civil Practice and Remedies Code. To the extent Plaintiff seeks recovery for medical or health care expenses incurred, such loss must be limited to the amount actually paid or incurred by or on behalf of Plaintiffs. Defendant HARRY VEITCH also requests the Court to instruct the jury as to whether any recovery for medical or health expenses sought by Plaintiff are limited to the amount actually paid or incurred on behalf of Plaintiff.

9. Defendant HARRY VEITCH further pleads that any recovery for loss of earnings, loss of earning capacity, or loss of contributions of a pecuniary value, if plead and found must be

limited to a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law. TEX. CIV. PRAC. & REM. CODE ANN. § 18.091(a).

10.      Defendant HARRY VEITCH reserves the right to assert such other defenses as continuing investigation and discovery may reveal, and the right to amend or supplement this Answer at any time.

## JURY DEMAND

11.      Defendant HARRY VEITCH demands a trial by jury as to all issues triable by jury as a matter of right.

## OBJECTION TO RULE 193.7 NOTICE

12.      Defendant HARRY VEITCH objects to Plaintiff's Rule 193.7 Notice as it is overly broad, premature, not limited in scope, and intends to rely upon unauthenticated hearsay documents.   Defendant HARRY VEITCH further objects to the authenticity of any and all unidentified documents.

## REQUESTS FOR DISCLOSURE

13.      Pursuant to Texas Rule of Civil Procedure 194, Plaintiff is requested to disclose, within 30 days of service of this request, the information or material described in Rule 194.2.

**WHEREFORE, PREMISES CONSIDERED**, Defendant HARRY VEITCH prays for judgment in its favor, that Defendant HARRY VEITCH recover its costs, and for such other and further relief to which it may show himself justly entitled.

Respectfully submitted,

**RAY | PEÑA | McCHRISTIAN, P.C.**
McAllister Plaza
9601 McAllister Freeway, Suite 901
San Antonio, Texas 78216
(210) 341-3554
(210) 341-3557 (Fax)
jpena@raylaw.com


_/S/ Joseph G. Peña_
**JOSEPH G. PEÑA**
State Bar No. 24052898
**RANDALL L. ORDONES**
State Bar No. 24096489
*Attorneys for Defendant Harry Veitch*

## CERTIFICATE OF SERVICE

In compliance with Texas Rule of Civil Procedure 21a (e), I, Joseph G. Peña, certify that on this 11th day of December, 2020, a true and correct copy of the foregoing document filed electronically with the clerk of the Court in accordance with Texas Rule of Civil Procedure 21 (f)(1), is served on the party or attorney electronically pursuant to Texas Rule of Civil Procedure 21a (a)(1), or if the email address of the party or attorney is not on file with the electronic filing manager then service is accomplished pursuant to Texas Rule of Civil Procedure 21a (a)(2).

The following parties or attorney(s) are served with the foregoing document:

*Attorneys for Plaintiff:*
Israel Garcia
LAW OFFICES OF ISRAEL GARCIA
Chulie Professional Building
926 Chulie Drive
San Antonio, Texas 78216
(210) 529-9999 (Office)
(210) 225-2300 (Fax)
Email: ig@israelgarcialaw.com
***Via Eservice &/or Email***


_/S/ Joseph G. Peña_
Joseph G. Peña

725167 (8363.17)

| | |
|---|---|
| **From:** | No-Reply@eFileTexas.gov |
| **To:** | Randall Ordones |
| **Subject:** | Notification of Service for Case: 2020CI22159, for filing Answer/Contest/Response/Waiver, Envelope Number: 48864412 |
| **Date:** | Friday, December 11, 2020 10:43:49 AM |



# Notification of Service

Case Number: 2020CI22159
Case Style:
Envelope Number: 48864412

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | 2020CI22159 |
| **Case Style** | |
| **Date/Time Submitted** | 12/11/2020 10:43 AM CST |
| **Filing Type** | Answer/Contest/Response/Waiver |
| **Filing Description** | Def Tri-National, Inc.'s Original Answer and RFD |
| **Filed By** | Dolores Martinez |
| **Service Contacts** | Other Service Contacts not associated with a party on the case:<br><br>Israel Garcia (ig@israelgarcialaw.com)<br><br>Desirea Levy (desirea@israelgarcialaw.com)<br><br>Niatasha Johnson (niatasha@israelgarcialaw.com)<br><br><br>Tri-National, Inc.:<br><br>Joseph Pena (jpena@raylaw.com)<br><br>Randall Ordones (rordones@raylaw.com)<br><br>James Fink (jfink@raylaw.com)<br><br>Dolores Martinez (dmartinez@raylaw.com) |

| Document Details | |
|---|---|
| **Served Document** | [Download Document](#) |
| This link is active for 30 days. | |

| From: | No-Reply@eFileTexas.gov |
|---|---|
| To: | Randall Ordones |
| Subject: | Notification of Service for Case: 2020CI22159, for filing Answer/Contest/Response/Waiver, Envelope Number: 48864665 |
| Date: | Friday, December 11, 2020 10:46:26 AM |



# Notification of Service

Case Number: 2020CI22159
Case Style:
Envelope Number: 48864665

This is a notification of service for the filing listed. Please click the link below to retrieve the submitted document.

| Filing Details | |
|---|---|
| **Case Number** | 2020CI22159 |
| **Case Style** | |
| **Date/Time Submitted** | 12/11/2020 10:45 AM CST |
| **Filing Type** | Answer/Contest/Response/Waiver |
| **Filing Description** | Def Harry Veitch's Original Answer and RFD |
| **Filed By** | Dolores Martinez |
| **Service Contacts** | Tri-National, Inc.: <br><br> Joseph Pena (jpena@raylaw.com) <br><br> Randall Ordones (rordones@raylaw.com) <br><br> James Fink (jfink@raylaw.com) <br><br> Dolores Martinez (dmartinez@raylaw.com) <br><br><br> Other Service Contacts not associated with a party on the case: <br><br> Israel Garcia (ig@israelgarcialaw.com) <br><br> Desirea Levy (desirea@israelgarcialaw.com) <br><br> Niatasha Johnson (niatasha@israelgarcialaw.com) |

| Document Details | |
|---|---|
| **Served Document** | [Download Document](#) |
| This link is active for 30 days. | |

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANTA ZUNIGA, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| TRI-NATIONAL, INC. AND HARRY | § | |
| VEITCH, | § | |
| *Defendants* | § | |

## LIST OF ALL COUNSEL OF RECORD

**ATTORNEYS FOR PLAINTIFF**

Israel Garcia
State Bar No. 24040950
LAW OFFICES OF ISRAEL GARCIA
Chulie Professional Building
926 Chulie Drive
San Antonio, Texas 78216
(210) 529-9999 (Office)
(210) 225-2300 (Fax)
ig@israelgarcialaw.com

**ATTORNEYS FOR DEFENDANTS**

JOSEPH G. PEÑA
State Bar No. 24052898
**RAY | PEÑA | McCHRISTIAN, P.C.**
McAllister Plaza
9601 McAllister Freeway, Suite 901
San Antonio, Texas 78216
(210) 341-3554 Telephone
(210) 341-3557 Facsimile
jpena@raylaw.com

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANTA ZUNIGA, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| TRI-NATIONAL, INC. AND HARRY | § | |
| VEITCH, | § | |
| *Defendants* | § | |

## DEFENDANTS' NOTICE OF CONSENT TO REMOVAL

To the Honorable Court:

Come now Defendants, Tri-National, Inc. and Harry Veitch (collectively "Defendants"),

and file their consent to removal under 28 U.S.C. §1332(a).

1.      Defendants, Tri-National, Inc. and Harry Veitch, all agree with the notice of removal and all

consent to the removal of this action to Federal Court.

Respectfully submitted,

**RAY | PEÑA | McCHRISTIAN, P.C.**
McAllister Plaza
9601 McAllister Freeway, Suite 901
San Antonio, Texas 78216
(210) 341-3554 Telephone
(210) 341-3557 Facsimile
jpena@raylaw.com
rordones@raylaw.com


*/s/ Joseph G. Peña*
**JOSEPH G. PEÑA**
*Attorneys for Defendants*

1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 11, 2020, I served the foregoing on the following counsel of record.

*Attorneys for Plaintiff:*
Israel Garcia
LAW OFFICES OF ISRAEL GARCIA
Chulie Professional Building
926 Chulie Drive
San Antonio, Texas 78216
(210) 529-9999 (Office)
(210) 225-2300 (Fax)
Email: ig@israelgarcialaw.com
*Via Eservice &/or Email*

/s/ *Joseph G. Peña*
Joseph G. Peña