IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANTA ZUNIGA, | § | |
| *Plaintiff,* | § | SA-20-CV-01417-ESC |
| vs. | § | |
| TRI-NATIONAL, INC., HARRY VEITCH, | § | |
| *Defendants.* | § | |

## AMENDED SCHEDULING ORDER

Before the Court in the above-styled action is the parties' Joint Motion to Extend Scheduling Order Deadlines [#20]. By their motion, the parties ask the Court to extend certain deadlines in the existing scheduling order. The Court will grant the motion.

**IT IS HEREBY ORDERED** that the parties' Joint Motion to Extend Scheduling Order Deadlines [#20] is **GRANTED**.

**IT IS FURTHER ORDERED** that the following dates are entered to control the remaining course of this case:

1. Alternative Dispute Resolution ("ADR"): A report on ADR resolution in compliance with Local Rule CV-88 shall be filed by **June 15, 2021**.

2. Offer of Settlement: The parties asserting claims for relief must submit a written offer of settlement to opposing parties by **July 15, 2021**, and each opposing party must respond in writing by **July 30, 2021**.

3. Amend/Supplement Pleadings, Joinder of Parties: Plaintiff shall file all motions to amend or supplement pleadings or to join additional parties by **July 15, 2021**. Defendants' deadline to file a motion to designate responsible third parties pursuant to Texas Civil Practice & Remedies Code § 33.004(a) or to seek leave to amend pleadings is **July 30, 2021**.

4. Designation of Witnesses, Experts, and Exhibits: Plaintiff shall file their designation of potential witnesses, testifying experts, and proposed exhibits, and must **SERVE** on all parties but **NOT FILE** the materials required by Fed. R. Civ. P. 26(a)(2)(B) by **August 16, 2021**. Defendants must file their designation of potential witnesses, testifying experts, and proposed

exhibits, and must **SERVE** on all parties but **NOT FILE** the materials required by Fed. R. Civ. P. 26(a)(2)(B) by **September 30, 2021**.  All designations of rebuttal experts must be designated within **15 days** of receipt of the report of the opposing expert.  The deadline to file supplemental reports required under Fed. R. Civ. P. 26(e) is **December 20, 2021**.

5. Expert Testimony Objection:  An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 must be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, **within 11 days of receipt** of the written report of the expert's proposed testimony, or **within 11 days of the expert's deposition**, if a deposition is taken, whichever is later.

6. Discovery:  The parties must complete discovery by **December 20, 2021**.  Counsel may by agreement continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery.

7. Dispositive Motions:  All dispositive motions, as defined by Local Rule CV-7(c), shall be filed by **January 7, 2022**.  Dispositive motions and responses to dispositive motions are limited to 20 pages in length, and any reply in support of a dispositive motion is limited to 10 pages in length.  *See* Local Rules CV-7(d)(3), (e)(3), and (f)(3).

8. Pretrial Disclosures and Objections:  The deadline for filing Rule 26(a)(3) disclosures is **January 7, 2022**.  The deadline for filing objections under Rule 26(a)(3) is **January 21, 2022**.  Any objections not made will be deemed waived.

9. Mediation:  The parties shall mediate this case on or before **December 20, 2021**, unless the parties seek an order from the Court excusing them from mediation.

10. Final Pretrial Order: The parties should submit their Joint Pretrial Order on the attached form on or before **March 18, 2022**.  This procedure will be followed in lieu of the filing requirements described in Local Rule CV-16.

11. Trial and Final Pretrial Conference: This case is set for jury selection and trial on **Monday, April 11, 2022 at 10:30 a.m.**  The final pretrial conference is set for **Thursday, March 31, 2022 at 10:30 a.m.** The Court will set a status conference in this case approximately three (3) to four (4) months prior to the above-referenced trial setting.

SIGNED this 4th day of June, 2021.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION



*Plaintiffs,*

vs.

,

*Defendant.*

CIVIL NO.

## JOINT PRETRIAL ORDER

1. APPEARANCE OF COUNSEL

   List each party, its counsel, and counsel's address and telephone number in separate paragraphs.

2. STATEMENT OF THE CASE

   Give a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties; include names, dates, and places.

3. JURISDICTION

   Briefly specify the jurisdiction of the subject matter and the parties. If there is an unresolved jurisdictional question, state it.

4. MOTIONS

   List pending motions.

5. CONTENTIONS OF THE PARTIES

   State concisely in separate paragraphs each party's claims.

6. ADMISSIONS OF FACT

   List all facts that require no proof and could be submitted to the jury as stipulated facts.

7. CONTESTED ISSUES OF FACT

   List all material facts in controversy.

8. AGREED PROPOSITIONS OF LAW

List the legal propositions that are not in dispute.

9. CONTESTED PROPOSITIONS OF LAW

State briefly the unresolved questions of law, with authorities to support each.

10. EXHIBITS

   A. Each party will attach two lists of all exhibits, separately identifying those exhibits that the party expects to offer and those that the party may offer if the need arises. Each party will make the exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before trial, except for rebuttal exhibits or those whose use cannot be anticipated.

   B. A party requiring authentication of an exhibit must notify the offering counsel in writing within 7 days after the exhibit is listed and made available; failure to object in advance of the trial in writing concedes authenticity.

   C. Within reason, other objections to admissibility of exhibits must be made at least 7 days before trial; the Court will be notified in writing of disputes, with copies of the disputed exhibit and authority. Objections not so disclosed, other than objections under Federal Rules of Evidence 402 and 403, shall be deemed waived unless excused by the court for good cause shown.

   D. Parties must mark their exhibits to include the date and case number on each. All trial exhibits must be marked with an identifying sequence, followed by a dash, followed by a number; for example, Exhibit P-1 and Exhibit D-1. The identifying sequence (e.g., "P" and "D") will identify the party who will offer the exhibit. Parties will assign numbers to their exhibits consecutively, beginning with the number 1. The letter "G" will be assigned to the government for identification purposes. In cases involving more complex pleading relationships (e.g., consolidated cases, intervenors, and third party actions), it is the responsibility of counsel for the plaintiff, in consultation with the judge's courtroom deputy clerk, to coordinate the assignment of the unique identification sequences.

   E. At the trial, the first step will be the offer and receipt in evidence of exhibits.

11. WITNESSES

   A. List the names, address, and telephone number of each witness who may be called (except those to be used for impeachment only), separately identifying those witnesses the party expects to present and those whom the party may call if the need arises. Include a brief statement of the nature of each witness's testimony and a description of the qualifications of each expert witness; this information will be used to qualify the expert at trial.

   B. For those witnesses whose testimony is expected to be presented by means of a deposition, include a transcript of the pertinent portions of the deposition

testimony and designation by reference to page and line of the testimony to be offered. Include a list disclosing any objections to the use under Rule 32(a) of deposition testimony designated by the other party.

  C. Include:

"If other witnesses to be called at the trial become known, their names, addresses, and subject of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses."

12. SETTLEMENT

State that all settlement efforts have been exhausted, that the case cannot be settled, and that it will have to be tried.

13. TRIAL

  A. State probable length of trial; and

  B. Explain logistical problems, including availability of witnesses, out-of-state people, and demonstrations.

14. ADDITIONAL ATTACHMENTS

Include these required attachments for a jury trial:

  A. Proposed questions for the voir dire examination.

  B. Proposed charge and verdict form, including instructions, definitions, and special interrogatories, with authority.

Date: _____    UNITED STATES MAGISTRATE JUDGE

Approved:

Date: _____    Attorney-in-Charge, Plaintiff

Date: _____     _____
                                  Attorney-in-Charge, Defendant