IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANTA ZUNIGA, | § | |
| | § | |
| *Plaintiff,* | § | SA-20-CV-01417-ESC |
| | § | |
| vs. | § | |
| | § | |
| TRI-NATIONAL, INC., HARRY | § | |
| VEITCH, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court in the above-styled cause of action is Plaintiff's Unopposed Motion for Leave to File Plaintiff's First Notice of Service of Affidavits and to Serve/Use Affidavits Concerning Cost and Necessity of Services Under Texas Civil Practice and Remedies Code § 18.001 [#133]. By her motion, Plaintiff asks the Court to grant her leave to file affidavits concerning the reasonableness of costs and necessity of medical care and expenses under Section 18.001 of the Texas Civil Practice and Remedies Code. The motion is unopposed.

In Texas state court, a plaintiff may prove that her medical expenses were reasonable and necessary either (1) by presenting expert testimony on the issue or (2) through the submission of affidavits that comply with the requirements of Section 18.001. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004); *Rahimi v. United States*, 474 F. Supp. 2d 825, 826–27 (N.D. Tex. 2006). Section 18.001 provides:

> Unless a controverting affidavit is served as provided by this section, an affidavit that the amount a person charged for a service was reasonable at the time and place that the service was provided and that the service was necessary is sufficient evidence to support a finding of fact by judge or jury that the amount charged was reasonable or that the service was necessary.

Tex. Civ. Prac. & Rem. Code § 18.001(b).  Texas courts have recognized that section 18.001 streamlines proof and "provides a significant savings of time and cost to litigants, particularly personal injury litigants, by providing a means to prove up the reasonableness and necessity of medical expenses." *Turner v. Peril*, 50 S.W.3d 742, 746 (Tex. App.—Dallas 2001, pet. denied); *see also Haygood v. De Escabedo*, 356 S.W.3d 390, 397 (Tex. 2011).

Generally speaking, federal courts are to apply state substantive law and federal procedural law in diversity cases, like the case currently before the Court.  *Hanna v. Plumer*, 380 U.S. 460, 465 (1965) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)).  Federal district courts are split, however, as to whether Section 18.001 is a procedural or substantive provision of state law for purposes of the *Erie* doctrine.  *Compare Akpan v. United States*, No. H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018) (holding that Section 18.001 is procedural rule inapplicable in federal diversity cases) *with Gorman v. ESA Mgmt., LLC*, No. CV 3:17-CV-0792-D, 2018 WL 295793, at *1–2 (N.D. Tex. Jan. 4, 2018) (finding Section 18.001 to be a substantive provision of Texas law applicable in diversity cases) .  This split has persisted despite a characterization of Section 18.001 as "purely procedural" by the Texas Supreme Court in *Haygood*, 356 S.W.3d at 397–98.

Although the undersigned has recently sided with the courts that have determined that the rule is procedural and should not apply in federal court (at least in the context of FTCA cases), the undersigned continues to grant unopposed motions for the use of Section 18.001 in a diversity action if both parties agree to the procedure.  *See, e.g.*, *Stokes v. Chan*, SA-17-CV-318-FB-ESC (Apr. 11, 2018) (dkt. 42) (Apr. 24, 2018) (dkt. 44).  The Court will similarly grant Plaintiff's motion in light of the lack of opposition to utilizing this procedure in the instant case.

Plaintiff may therefore prove the reasonableness and necessity of the medical expenses allegedly incurred as a result of the personal injuries underlying this suit through the submission of affidavits that comply with the requirements of Section 18.001 of the Texas Civil Practice and Remedies Code.

**IT IS HEREBY ORDERED** that Plaintiff's Unopposed Motion for Leave to File Plaintiff's First Notice of Service of Affidavits and to Serve/Use Affidavits Concerning Cost and Necessity of Services Under Texas Civil Practice and Remedies Code § 18.001 [#133] is **GRANTED** as unopposed.

**IT IS FURTHER ORDERED** that the Court grants Plaintiff leave to file Plaintiff's First Notice of Service of Affidavits and to serve and use affidavits concerning the reasonableness of costs and necessity of Plaintiff's medical care and expenses under Texas Civil Practice and Remedies Code § 18.001.

**IT IS FURTHER ORDERED** that the billing affidavits (with attached records), medical affidavits (with attached records), radiology affidavits (with attached records), and business records affidavit (with attached records) as referenced in Plaintiff's motion are hereby accepted and deemed served as of the filing date and service date of her motion.

**IT IS FURTHER ORDERED** that Plaintiff may file and/or serve any additional and/or supplemental notice(s) and/or affidavits under Section 18.001 by the deadlines set forth therein (and/or by the agreement of the Parties) specifically including, but not limited to, Section 18.001(d), Section 18.001(d-1), and/or Section 18.001(h) of the Texas Civil Practice and Remedies Code and without the need to seek further leave of Court.

**IT IS FURTHER ORDERED** that, unless a controverting affidavit is timely filed as provided by Section 18.001, an affidavit that the amount a person charged for a service was

3

reasonable at the time and place that the service was provided and that the service was necessary

is sufficient evidence to support a finding of fact by a judge or jury that the amount charged was

reasonable or the service was necessary.

SIGNED this 8th day of September, 2021.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

4