IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| SANTA ZUNIGA, | § § | |
| *Plaintiff,* | § § § | SA-20-CV-01417-ESC |
| vs. | § § § | |
| TRI-NATIONAL, INC., HARRY VEITCH, | § § § § | |
| *Defendants.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action are the Motions for Protective Order filed by non-parties Consultants in Pain Medicine [#38] and Foundation Bariatric Hospital of San Antonio, L.L.C. d/b/a Foundation Surgical Hospital of San Antonio [#39]. The Court held a hearing on the motions on January 25, 2022, by videoconference, at which all parties and the non-parties appeared through counsel. After considering the motions, Defendants' responses thereto [#41, #42], the governing law, and arguments of counsel at the hearing, the Court issued certain oral rulings, which it now memorializes with this written order.

This diversity case arises out of a motor-vehicle accident between a tractor-trailer (owned by Defendant Tri-National, Inc., and operated by Defendant Harry Veitch) and a vehicle driven by Plaintiff Santa Zuniga. By her suit, Plaintiff asserts various causes of action of negligence against Defendants and seeks damages for the personal injuries she allegedly sustained from the accident. Non-parties Consultants in Pain Medicine and Foundation Surgical Hospital are medical providers that treated Plaintiff for her injuries (hereinafter "the providers"). Defendants served the providers with a Notice of Intent to Take Deposition by Written Questions and

1

accompanying subpoena for documents on or about November 8, 2021. The subpoena seeks the production of five categories of documents Defendants contend will assist in their determination of whether the damages claimed by Plaintiff reflect reasonable charges for the medical services provided. Defendants request all agreements between the providers and any insurance company governing amounts charged for the same medical services and devices/equipment listed on the billing detail for Plaintiff's treatment during the time period of treatment; documents reflecting these charged amounts; the corresponding Charge Master for the same medical devices/equipment listed on Plaintiff's bills; and all agreements between the providers and Plaintiff's attorney that address payment of Plaintiff's medical bills.

The providers have moved to quash the subpoena, arguing that the reimbursement rates and other items sought by Defendants are confidential, proprietary, and trade secret information, pose an undue burden on non-parties, and are not relevant to the claims in this case, as Plaintiff did not use health insurance for her medical treatment and instead elected to self-pay. On a motion to quash, the moving party bears the burden of demonstrating that compliance with the subpoena would be unreasonable or oppressive or the discovery request is overbroad. *Wiwa v. Royal Dutch Pet. Co.*, 392 F.3d 812, 818 (5th Cir. 2004); *McLeod, Alexander, Powell & Apffel, PC., v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). In support of their motion, Foundation Surgical Hospital has provided an unsworn declaration of Frances Gomez, Chief Financial Officer for Foundation, testifying to the confidentiality of the reimbursement rates and the lengths Foundation takes to protect the information from disclosure.

The Court has repeatedly addressed similar challenges by other non-party medical providers in various personal-injury cases on its docket. As the parties and providers are well aware, the Texas Supreme Court has held that the negotiated rates and fee schedules between

non-party medical providers and private insurers and public-entity payors are relevant to the reasonableness of medical charges in the context of personal-injury litigation. *See In re K & L Auto Crushers, LLC*, 627 S.W.3d 239, 244 (Tex. 2021) (orig. proceeding), reh'g denied (Sept. 3, 2021) (extending the holding in *In re North Cypress Medical Center Operating Co.*, 559 S.W.3d 128, 129 (Tex. 2018) (orig. proceeding), to the context of personal-injury litigation). The Texas Supreme Court did not, however, hold that all communications or all documents regarding the rates charged for various procedures are automatically discoverable. *Id.* at 251. Courts faced with discovery disputes regarding these issues must still evaluate discovery requests for proportionality and ensure they are narrowly tailored so as not to be unduly burdensome, whether applying state or federal standards. *Id.* at 251–55.

The Texas Supreme Court found the following factors to bear significantly on the proportionality and burden analysis: (1) whether the requests were narrowly tailored to the time period, devices, and services at issue in the case; (2) whether the providers had entered into letters of protection with the plaintiff or plaintiff's law firm to receive payment out of the proceeds of litigation; (3) the amount of the medical charges at issue and the extent of damages pleaded in the case; and (4) whether a protective order has been entered or could be entered to protect against disclosure of confidential or trade-secret information. *See id.* at 253–56. The Texas Supreme Court subsequently reaffirmed its holding and the importance of these factors in evaluating proportionality in *In re ExxonMobil Corporation*, 635 S.W.3d 631 (Tex. 2021).

In light of the Texas Supreme Court's holdings, the Court overrules any objection to the subpoena based on relevance. The providers argue that the rates negotiated with insurers for the procedures at issue are irrelevant because Plaintiff elected not to use insurance for the medical treatment she received. But the plaintiff in *K&L Auto Crushers* similarly did not provide his

surgeons with information on private insurance or public benefits and the Court nonetheless found the negotiated rates with insurers directly relevant to resolving the issue of whether the claimed amount of medical expenses was reasonable. *K&L Auto Crushers*, 627 S.W.3d at 245, 249. Additionally, Defendants have provided the Court with billing records from Plaintiff's eleven healthcare providers, which reflect a total billed amount of $447,960.34, with a future medical cost projection of $3,013,703. (Resp. [#42], at 3 n.4.) In light of the substantial damages at issue in this case connected to Plaintiff's medical treatment, the reimbursement rates are relevant to Plaintiff's claims.

Regarding the burden imposed by the subpoena, the providers indicated at the hearing that they did enter into agreements with Plaintiff or her attorneys to defer payment on her medical bills until the resolution of this lawsuit and to accept payment from the proceeds of this litigation. Accordingly, as in *K&L Auto Crushers*, the providers' non-party status does not give rise to the same level of concern as typically is the case with disinterested non-parties, because the letters of protection or other agreements "give the providers a direct financial stake in the resolution of [Plaintiff's] claims." 627 S.W.3d at 254.

As to the narrowness of the subpoena request, the Court agrees with the providers that the subpoena as drafted is overbroad. However, Defendants and the providers, with the assistance of the Court, were able to reach a compromise solution sufficiently tailored to the need for discovery in this case, making the subpoena as modified proportional under *K&L Auto Crushers*. The providers are not required to produce their contracts with all insurance providers. Instead, the Court will instruct the providers to provide the reimbursement rates pertaining to the CPT or ERT codes for the medical procedures Plaintiff received that were in effect when she received the treatment only for four of the largest insurance companies with which the providers contract

(Blue Cross Blue Shield, United Health, Aetna, and Cigna).  These are similar to the types of limitations approved by the Texas Supreme Court in *K&L Auto Crushers*.  *See* 627 S.W.3d at 253 (limiting discovery to the time period, devices, and services at issue).  The Court will order the providers to provide Defendants with an accompanying declaration or affidavit sufficiently describing the produced rates and information.

Finally, as to the parties' trade secret concerns, the Western District of Texas has a standard confidentiality and protective order for complex cases that allows the parties and non-parties to designate certain documents for "attorneys-eyes-only."  Any attorney violating the protective order is subject to sanctions, up to and including disbarment.  As the Texas Supreme Court recognized in both *K&L Auto Crushers* and *ExxonMobil*, even if the requested information or documents contain confidential information or trade secrets, the providers have not shown that an appropriate protective order will not address their concerns.  *Id.* at 256; *ExxonMobil*, at 635 S.W.3d at 635.  The Court will therefore enter its standard protective order for complex cases (*see* W.D. Tex. Local Rules App. H-2) to govern all parties and non-parties in this case.

**IT IS THEREFORE ORDERED** that the Motions for Protective Order filed by non-parties Consultants in Pain Medicine [#38] and Foundation Bariatric Hospital of San Antonio, L.L.C. d/b/a Foundation Surgical Hospital of San Antonio [#39] are **GRANTED IN PART AND DENIED IN PART** as follows:

- Consultants in Pain Medicine and Foundation Surgical Hospital of San Antonio are hereby ordered to provide Defendants with the reimbursement rates and/or fee schedules pertaining to the CPT or ERT codes listed on Plaintiff's medical bills for the procedures and treatment she received for the four largest insurance companies with which the non-parties contract (Blue Cross Blue Shield, United Health, Aetna, and Cigna) for the time period of Plaintiff's treatment **on or before February 16, 2022**.  The reimbursement rates and/or fee schedules should be accompanied by an affidavit or declaration attesting to the contents of the produced documents and explaining the precise nature of what has been produced.

- Consultants in Pain Medicine and Foundation Surgical Hospital of San Antonio are hereby ordered to provide Defendants with all agreements between the Provider and the attorney (or law firm) representing Plaintiff in this case that address or relate to: the amount, timing, contingency or other aspect of payment of any fees or costs to the Provider for the Provider's services, materials, devices, and equipment to Plaintiff.

- The Court will enter an H-2 protective order to govern this case by separate order.

**IT IS FINALLY ORDERED** that in all other respects the subpoenas at issue are **QUASHED**.

SIGNED this 27th day of January, 2022.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE